## Burchett v. Leslie.

(Decided December 19, 1919.)

### Appeal from Pike Circuit Court.

1.  Adjoining Landowners—Fences—Location.—In a dispute over the location of a partition fence, where the evidence shows an old fence to have been properly located and a later fence built on the line of the old one, and the line thus marked has been so indicated for a period of thirty years or more, a party enclosing his lands, who makes use of the fence erected by the adjoining owner on the boundary of the two farms, will not be heard to complain that the fence is not a lawful one and does not comply with the provisions of the statute. Having undertaken to connect his fence with that of the adjoining owner he thereby elected to treat the fence a sufficient one and cannot resist an action instituted by one who built the fence to require him either to contribute to the cost thereof, or detach his fence therefrom.

2.  Adjoining Landowners—Cost of Partition Fence.—The judgment of the lower court ordering appellant to detach his fence from that of appellee will not be disturbed where appellant has paid no part of the cost of the partition fence.

3.  Appeal and Error—Map Used at Trial.—Where use is made in the circuit court of a map, or drawing, it should be incorporated in the record on appeal. In the interrogation of witnesses, where reference is made to points indicated on the map such evidence is unintelligible to this court in the absence of the map. Litigants and their counsel relying upon maps to support their case will do well to see that said map, or a properly authenticated copy thereof, is incorporated in the record on appeal.

4.  Appeal and Error—Map Used at Trial—Rules of Court.—Under Rule 22 of this court maps and drawings used at the trial of a case must be made a part of the record in this court. Failure to observe this rule will be visited with such penalty as the court may deem proper.

5., Equity—Costs in Equitable Actions.—In actions in equity the party succeeding on the merits or otherwise is entitled to his costs, except as to nominal defendants.

CLINE and STEELE for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming on the original appeal and reversing on the cross appeal.

A partition fence is the cause of this controversy. The parties are the owners of adjoining farms. About thirty years prior to the institution of this suit appellee's father built a rail fence along the boundary of the two farms, and while there is some dispute as to the location of this old fence the decided weight of testimony shows that it was properly located.

About ten years before the present petition was filed appellee undertook to rebuild the fence and it was rebuilt along the line of the old fence. The fence is about one and one-quarter miles in length, about one-half mile of which is directly on the dividing line; it is probable the remaining three-fourths of a mile is slightly on the land of the appellee, though it follows the line of the old fence.

After the new fence had been erected appellant undertook to enclose his land, and to complete the enclosure he made use of the fence built by appellee, by connecting his fence to the latter. When called upon to contribute one-half the cost of the division fence appellant declined so to do, claiming that a portion of the fence was on his property. Thereupon appellee filed this suit to compel appellant to pay one-half the cost of the fence built by him, or else to require appellant to detach his fence from that of appellee. Upon final submission the lower court entered a judgment ordering appellant to remove his fence where it joined the fence in question and adjudging each party to pay their own costs. From this judgment appellant has appealed and appellee has prayed a cross appeal from so much of the judgment as requires him to pay costs.

Three points are urged by appellant.

First. That the petition does not state a cause of action. With this contention we cannot agree, as we think the petition sufficient and the demurrer was properly overruled.

Second. It is alleged the division fence is not a lawful fence under sec. 1780 of the Ky. Stats. The fence does not meet the requirements of said section, but appellant is in no position to complain of the character of construction. The fence had been built by appellee and appellant had not been called upon to contribute any portion of the cost thereof until he sought to make use of it by attaching his fence.

Appellee has raised successive crops of corn and other products on his land next the partition fence, and appellant has used his land as a pasture; that on one or two occasions stock has gotten beyond the fence and on appellee's premises is not indicative of a condition so defective and insecure that the fence will not turn stock. That appellant was able during al these years to show but a few sporadic instances of his stock getting through the fence, coupled with appellee's successful raising of crops year after year on his farm is a strong refutation of appellant's contention as to the faulty condition of the fence. Most of us know from experience that stock can sometimes break through a seemingly very substantial fence.

Appellant was not required to attach his fence to that of appellee, but having undertaken to do so, and thereby make use of it he is estopped from asserting it does not comply with the statute This is not a suit under section 1784 of the Ky. Stats. which provides when the parties may be required to build their portion of a partition fence, but comes more properly under section 1786, as to the apportionment of cost, and which provides that no one shall unite his outside boundary fences to the fences of anyone else without paying the owner the fair value of one-half of the entire division fence. Appellant having undertaken to join his fence to that of appellee, and thereby use the latter to effect an enclosure of his property he will not be allowed to so use the fence, and at the same time refuse to pay his portion thereof, simply because it is not a lawful fence. However, the lower court did not require him to pay any portion of the cost of the fence, but only to detach his fence from it, hence he has not been injured in any wise.

In the third place it is contended the new fence is not properly located and embraces some of the land of appellant. According to his witnesses it varies from 4 to 15 feet from the line of the old fence, but on this ques-

tion the weight of the evidence favors appellee. It seems manifest to us the new fence was built on the line of the older one, and the boundary thus marked by the two fences has been so recognized by the owners for some thirty odd years. Our statutes provide for the construction and maintenance of partition fences, and fix the rights and remedies of adjoining owners therein, but appellant under the facts of this case has no ground to complain of the judgment appealed from.

Both in the testimony and appellant's proof reference is made to a map as showing the property in question. This map is not in the record. Unfortunately this is not an uncommon occurrence. Too often in suits involving the right, title or interest in and to real property blue prints, diagrams or skteches are used in the lower court but not brought here. The presence of such drawings or maps is a material aid to this court. If anything the need is greater here than in the circuit court where the judge and juries are usually acquainted with the land. Litigants and their counsel relying upon such exhibits, who suffer them to be omitted from the record do so at their peril. They should be transmitted to this court; without them we are oftentimes seriously handicapped, as it is frequently impossible to understand the testimony of witnesses where the map to which reference is made is not before us. This is illustrated by the record in this case. For instance in the deposition of appellant he is asked what the line from A to B in the sketch represents, and how the fence runs from B; whether there is a fence on the line from B to C, and about the fence that runs from E to D, as to the fence from B to E, and from B to the dotted line, all of which is meaningless to us.

It so happens in the present case that the conclusion we have reached renders resort to the map unnecessary, but it can readily be seen from the extract of the evidence above referred to how very unintelligible the testimony of witnesses must be in the absence of a map, about which they have been interrogated. We are aware of the fact that in some courts it is the custom to draw a sketch on the floor of the court room, in others the use of a blackboard is employed, in which case it being impossible to transmit the original, a drawing or rough sketch properly authenticated could at least be supplied and incorporated in the record. Many members of the bar

have seemingly overlooked rule 22 of this court, which reads:

"Maps or diagrams used at the trial of a case must be made a part of the record and brought to this court with the record. A failure to observe this rule will be visited with such penalty in each case as the court may deem proper."

As to the question of costs: Ky. Stats., section 889, provides, in part, that in actions in equity the party succeeding on the merits, or otherwise, shall recover his costs, except against nominal defendants. The appellee being the successful party was entitled to his costs and the court erred in not so decreeing.

Wherefore the judgment on the original appeal is affirmed, on the cross-appeal reversed. The costs in both the lower court and this court to be taxed against appellant.